UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK L. WOLANIN #148317,

        Plaintiff,

                                    Case No. 15-12743
      vs.                           HON. GEORGE CARAM STEEH

ANGELA GIBAS, et al.,

        Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DOC. 23)

      This matter is before the court on plaintiff Frank Wolanin's (Wolanin) objections to Magistrate Judge Majzoub's Report and Recommendation (Doc. 23). Wolanin is currently a prisoner at the Baraga Correctional Facility (AMF) in Baraga, Michigan. He previously filed this action under 42 U.S.C. § 1983 alleging that defendants, in their individual and official capacities with the Michigan Department of Corrections (MDOC), violated his First Amendment right to be free from retaliation. Defendants filed a motion for summary judgement on November 25, 2015 (Doc. 19). On January 27, 2016, Magistrate Judge Majzoub entered a Report and Recommendation granting defendants' motion for summary judgment and dismissing Wolanin's claims in their entirety (Doc. 23). Having not received any objections, this court accepted the Report and Recommendation and entered a Judgment against Wolanin on March 2, 2016. (Docs. 24 and 25).

Then, on March 15, 2016, this court received a letter from Wolanin explaining that he received a copy of the order dismissing his claim on March 7, 2016, but he never received a copy of the Report and Recommendation notifying him that he had 14 days to file an objection. (Doc. 26, Pg ID 178). Wolanin filed his objection on April 4, 2016. (Doc. 27). The court reopened the case on June 7, 2016 and ordered Defendants to respond. (Doc. 29). Defendants filed a response which relied on their previous briefing. The court accepts the recitation of the facts set forth in the Magistrate Judge's Report and Recommendation as the factual findings of this court. The court has reviewed the file, record, and Magistrate Judge Majzoub's Report and Recommendation and ACCEPTS the Magistrate Judge's recommendations for the reasons set forth below.

<u>STANDARD OF REVIEW</u>

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*  A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C.  § 405(g). A district court need not conduct de novo review where the objections are "[f]rivolous, conclusive or general."  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curium*) (citation omitted).

<u>OBJECTION 1</u>

Wolanin first objects that it was impossible for him to satisfy the standard set forth in Fed. R. Civ. P. 56, which requires supporting facts and documents, when the

Magistrate Judge refused to grant his motion for discovery before issuing the Report and Recommendation (Doc. 9). Wolanin also objects that it was unfair for the Magistrate Judge to grant Defendants' motion for an extension of time (Doc. 17) because, according to Wolanin, that motion was filed so that Defendants could "acquire documents they needed." (Doc. 27, Pg ID 182).

The Magistrate Judge did deny Wolanin's motion for discovery as moot in his Report and Recommendation. (Doc. 23, Pg ID 162 n.1). Defendants did not, however, request an extension of time to collect documents or request discovery. Rather, they requested the extension to "obtain relevant facts . . . . [b]ecause of the volume of prisoner lawsuits handled by the Michigan Attorney General's Office." (Doc. 17, Pg ID 46). As for the Magistrate Judge's decision to deny as moot Wolanin's motion for discovery, this court accepts the Magistrate Judge's recommendation to do so. Wolanin has not pled facts sufficient to establish his claims, and the deficiencies in Wolanin's pleadings could not have been resolved by the discovery Wolanin requested.

## OBJECTION 2

Wolanin also objects that Defendants' failure to file an answer to his complaint should be construed as Defendants admitting all of Wolanin's allegations under Rule 8 of the Federal Rules of Civil Procedure. Rule 8 governs when "a responsive pleading is *required* . . . ." Fed. R. Civ. P. 8 (emphasis added). Defendants filed a motion for an extension of time to file an answer. The Magistrate Judge granted that motion. Importantly, the Magistrate Judge did not require a response from Defendants; so, Rule 8 is not implicated. The Magistrate Judge properly recognized that Defendants were not required to file an answer.

-3-

OBJECTION 3

In this objection, Wolanin questions how the Eleventh Amendment can override the First Amendment. The Magistrate Judge properly interpreted the Eleventh Amendment as protecting state employees sued in their official capacities from money damages. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). As such, Wolanin may not sue Defendants in their official capacities.

Wolanin also argues that the Magistrate Judge's denial of his requests for counsel prevented him from hiring counsel to "find a trump for the Eleventh." (Doc. 27, Pg ID 183). In denying Wolanin's request for counsel, the Magistrate Judge correctly noted that "[p]risoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion." *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (*quoting* Charles R. Richey, *Prisoner Litigation in the United States Courts* (1995), p. 75)) (internal quotation marks omitted). The matter at hand does not present the sort of "exceptional circumstances" in which complex factual or legal issues are involved that warrant appointment of counsel. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). Wolanin's request for counsel was properly denied within the Magistrate Judge's discretion.

OBJECTION 4

Wolanin next objects that he did exhaust his administrative remedies against all three Defendants. There is no dispute that Wolanin did exhaust his administrative remedies against Defendant Gibas. Defendants only argue that Wolanin did not exhaust his administrative remedies against Defendants Burton and Heyns because he did not name them in his initial grievance to the Michigan Department of Corrections (MDOC).

-4-

As to Defendant Burton, Wolanin objects that he did not know nor could he have known Burton's name when he filed the grievance. Wolanin argues that, in the grievance, he complains of being transferred, something that Gibas could not have done without coordination from a transfer coordinator such as Burton. The MDOC Policy Directive regarding the grievance process at issue requires the aggrieved to provide "names of all those involved in the issue being grieved." MDOC PD 03.02.130 ¶R. Identifying the parties a grievant is complaining about "allow[s] prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (*citing Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The language used by Wolanin in his grievance was too vague. Even if Wolanin could not have provided the name of Defendant Burton, he could have specifically identified the "transfer officer" in the grievance. In doing so, Burton would have been put on notice and given the opportunity to address the situation. The Magistrate Judge was correct in determining that Wolanin has not exhausted his administrative remedies as to Defendants Burton.

Wolanin further objects that he has exhausted his administrative remedies as to Defendant Heyns because the grievance, which Heyns denied, is not appealable. As the Magistrate Judge correctly notes, "the denial of a grievance alone fails to state a claim under section 1983." (Doc. 23, Pg ID 168) (*citing Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Without alleging more, Wolanin's claim against Heyns must fail. The Magistrate Judge properly analyzed these claims.

OBJECTION 5

In this objection, Wolanin first takes issue with the fact that the Magistrate Judge used the phrase, "Even if Plaintiff had exhausted his administrative remedies . . . ." (Doc. 23, Pg ID 168). Wolanin insists that this is a contradiction of the Magistrate Judge's previous assertion that Wolanin did not exhaust his administrative remedies. This is not a contradiction, however. Rather, the Magistrate Judge is merely exploring a hypothetical scenario in which Wolanin had exhausted his administrative remedies to demonstrate that Wolanin's claims against Heyns are, nevertheless, futile.

Wolanin proceeds to reject the Magistrate Judge's insistence that, pursuant to the Sixth Circuit's opinion in *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), "a plaintiff must show that each defendant, whether in a supervisory capacity or as an actor, was personally involved in, or otherwise condoned, encouraged, or knowingly acquiesced in the alleged misconduct." (Doc. 23, Pg ID 169). Wolanin claims that Heyns did condone the actions of his subordinates when the matter was brought to his attention. Wolanin also makes reference to Maritime Law under which he claims "the captain is responsible for his crew and his ship." (Doc. 27, Pg ID 185). Wolanin provides no citation to support his Maritime Law argument, nor does he provide evidence that Heyns knew of his transfer. Regardless, the Sixth Circuit has held that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Id.* (*quoting Salehpour v. University of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Here, Wolanin has not alleged that Heyns was actively involved in his transfer, nor has Wolanin alleged that Heyns was even aware of the transfer. The Magistrate Judge was correct in dismissing the claims against Heyns.

-6-

OBJECTION 6

Wolanin makes essentially the same arguments in this objection as he made in his response to Defendants' motion for summary judgment. He argues that he was transferred "to a maximum security facility in the far Western reaches of the U.P., hundreds of miles from [his] family" in retaliation for commenting that an assault on an officer was "karma." (Doc. 27, Pg ID 185). The record is clear that the Magistrate Judge properly analyzed Wolanin's retaliation claim. Specifically, the Magistrate Judge found that Wolanin "has not alleged that Defendants took any sufficient adverse action to support his [retaliation] claim." (Doc. 23, Pg ID 171).

The Sixth Circuit Court of Appeals has held that a transfer from one prison to another only rises to the level of an adverse action when it would prevent a "person of ordinary firmness" from exercising his or her First Amendment rights. *Hix v. Tennessee Dep't of Corr.*, 196 Fed. App'x 350, 358 (6th Cir. 2006). Wolanin has not alleged anything that rises to that level. As the Magistrate Judge also noted, Wolanin does not have a constitutional right to a comfortable prison or a prison of his choosing. *Id.*; *Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001). Again, the Magistrate Judge properly analyzed Wolanin's retaliation claim.

OBJECTION 7

Wolanin takes issue with the following passage from the Magistrate Judge's Report and Recommendation:

> Under qualified immunity, "government officials performing discretionary functions *generally* are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v.*

-7-

*Fitzgerald*, 457 U.S. 800, 817–818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). (Doc. 23, Pg ID 171) (emphasis added). Specifically, Wolanin argues that the Magistrate Judge's use of the word "generally" suggests that a jury should decide the ambiguity. In this context, however, the word "generally" simply means that qualified immunity is just that, qualified and not applicable in all cases. The Magistrate Judge, however, did not make a determination whether Wolanin was entitled to qualified immunity. In fact, the Magistrate Judge did not address the qualified immunity arguments because she had already dismissed Wolanin's claims against Defendant on the merits. This court affirms the Magistrate Judge's decision in this regard.

<u>OBJECTION 8</u>

Here, Wolanin again argues that the Magistrate Judge should have granted his requests for counsel. As discussed in Objection 3, the Magistrate Judge acted appropriately in denying those requests.

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 23) is accepted.

Dated:  July 19, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 19, 2016, by electronic and/or ordinary mail and also on Frank Wolanin #148317, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908.

s/Barbara Radke
Deputy Clerk